## Ewell v. State Workmen's Insurance Fund et al.

*Workmen's Compensation Act—Appeals—Notice—Act of June 26, 1919.*
The provision of section 427 of the Workmen's Compensation Act of June 26, 1919, P. L. 642, 665, requiring a party taking an appeal to serve the adverse party with written notice thereof, is mandatory, and where no notice is given, the appeal will be stricken off.

Rule to strike off appeal. C. P. No. 5, Phila. Co., Dec. T., 1923, No. 7895.

*S. J. Spiker,* for plaintiff.

HENRY, P. J., 52nd judicial district, specially presiding, March 13, 1924.— The plaintiff has taken a rule to strike off the appeal in this case taken by the State Workmen's Insurance Fund from the decision of the Workmen's Compensation Board. The petition for the rule sets forth that no notice of the appeal was given the plaintiff, as required by section 427 of article VI of the Act of June 26, 1919, P. L. 642, 655, and this section of the act provides as follows: "The party taking the appeal shall, at the time of taking the appeal, serve upon the adverse party a written notice thereof, setting forth the date of the appeal to the court in which the same is filed, and shall file with his notice of appeal such exceptions to the action of the board as he may desire to take, and shall specify the findings of fact, if any, of the board, or of the referee, sustained by the board, which he alleges to be unsupported by competent evidence."

There is no denial of this averment, and so it must be taken to be admitted.

This provision of the act is mandatory, and, in the absence of compliance therewith, the appeal must be stricken off.

And now, to wit, March 13, 1924, rule absolute.

NOTE.—See De Marko *v.* Hiller, 3 D. & C. 533; Neil *v.* Lee Tire and Rubber Co., 3 D. & C. 811.